1  MICHAEL J. SACKSTEDER (CSB No. 191605)
   msacksteder@fenwick.com
2  BRYAN A. KOHM (CSB No. 233276)
   bkohm@fenwick.com
3  LAUREN E. WHITTEMORE (CSB No. 255432)
   lwhittemore@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone:    415.875.2300
6  Facsimile:    415.281.1350

7  KUNYU CHING (CSB No. 292616)
   kching@fenwick.com
8  FENWICK & WEST LLP
   Silicon Valley Center
9  801 California Street
   Mountain View, CA  94041
10 Telephone:    650.988.8500
   Facsimile:    650.938.5200

Attorneys for SILVER PEAK SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>SILVER PEAK SYSTEMS, INC.,<br><br>Defendant. | Case No.: 4:17-cv-02373-PJH<br><br>**DEFENDANT SILVER PEAK'S ADMINISTRATIVE MOTION TO SET HEARING DATE**<br><br>Dept: Courtroom 3, 3rd Floor<br>Judge: Hon. Phyllis J. Hamilton |

Pursuant to Civil Local Rule 7-11, Defendant Silver Peak Systems, Inc. ("Silver Peak") hereby moves for administrative relief and requests that the Court set a hearing date for Silver Peak's Motion to Stay Pending Inter Partes Reviews (Dkt. No. 76).

Plaintiff Realtime Data LLC d/b/a IXO ("Realtime") filed this suit on February 26, 2016 for patent infringement against Silver Peak, and against Hewlett Packard Enterprise Co. and HP Enterprise Services, LLC (collectively, "HP"), in the U.S. District Court for the Eastern District of Texas.  Dkt. No. 1.  Realtime asserted claims against Silver Peak on five patents: U.S. Patent Nos. 7,415,530; 8,643,513; 9,116,908; 9,054,728; and 7,161,506.  *Id.*  On September 9, 2016, Silver Peak moved to sever due to improper joinder under the America Invents Act ("AIA"), 35 U.S.C. § 299, and to transfer venue pursuant to 28 U.S.C. § 1404.  Dkt. No. 55.  On November 21, 2016, Silver Peak and HP jointly moved to stay the case pending *inter partes* review ("IPR") of the patents-in-suit.  Dkt. No. 76.

On February 3, 2017, the Eastern District of Texas granted Silver Peak's motion to sever and transfer venue to the Northern District of California.  Dkt. No. 88.  On that same day, the Eastern District of Texas also granted the Defendants' motion to stay pending IPR as to HP, but deferred ruling on the stay as to Silver Peak in light of its order severing and transferring Silver Peak's case to this Court.  Dkt. No. 89.  Silver Peak's Motion to Stay, therefore, remains pending. The case file was transferred to the Northern District of California on April 27, 2017.  Dkt. No. 91.  The initial case management conference before this Court is set for August 17, 2017.

In the meantime, the Patent Trial and Appeals Board (PTAB) has instituted IPRs on all of the patents-in-suit.  Decl. of Kunyu Ching in Support of Silver Peak's Admin. Mot. to Set Hearing Date ¶ 3.  The IPRs discussed in Silver Peak's Motion to Stay and their relevant schedules are shown below:

/ / /

| Asserted Patent | IPR No. | Claims in IPR | Date Filed/ *Date Instituted* | Expected Decision Date[1] |
|---|---|---|---|---|
| U.S. Patent No. 7,415,530 | IPR2016-00972 | 1-5, 9-12, 14, 18, 19, 24 | Apr. 29, 2016 *Nov. 1, 2016* | Nov. 1, 2017 |
| | IPR2016-01671 | 1-5, 9-12, 14, 18, 19, 24 | Sept. 6, 2016 *March 8, 2017* | March 8, 2018 |
| U.S. Patent No. 8,643,513 | IPR2016-00374 | 1, 2, 4, 6, 11-16, 18- 20, 22 | Dec. 28, 2015 *Jun. 27, 2016* | June 27, 2017 |
| | IPR2016-00978 | 1-4, 6, 10- 16, 18-20, 22 | Apr. 29, 2016 *Nov. 1, 2016* | Nov. 1, 2017 |
| U.S. Patent No. 9,116,908 | IPR2016-01002 | 1, 2, 4-6, 9, 11, 21, 22, 24, 25 | May 5, 2016 *Nov. 2, 2016* | Nov. 2, 2017 |
| | IPR2016-01672 | 1, 2, 4-6, 9, 11, 21, 22, 24, 25 | Sept. 6, 2016 *March 7, 2017* | March 8, 2018 |
| U.S. Patent No. 9,054,728 | IPR2017-00179 | 1-10, 15, 20, 24 | Nov. 14, 2016 *May 30, 2017* | May 30, 2018 |
| U.S. Patent No. 7,161,506 | IPR2017-00176 | 104, 105 | Nov. 14, 2016 *May 30, 2017* | May 30, 2018 |

*Id.*

Silver Peak is identically situated as the defendants to whom the Eastern District of Texas granted a stay—including HP, from whom Silver Peak's case was severed. No claim construction hearing has yet taken place. Despite these facts, Realtime has not responded to Silver Peak's repeated requests to stipulate to a stay. *Id.* ¶¶ 4-7.

Silver Peak thus requests a hearing to the extent necessary to assist the Court in answering any remaining questions it may have concerning Silver Peak's Motion to Stay. A hearing on this matter could also result in more efficient adjudication of this case and more efficient use of the Court's time and resources by obviating the need for a case management conference.

For the foregoing reasons, Silver Peak respectfully requests the Court to set a hearing date for Silver Peak's Motion to Stay.

Dated:   June 28, 2017                     FENWICK & WEST LLP

                                           By: */s/ Michael J. Sacksteder*
                                                Michael J. Sacksteder

                                           Attorneys for SILVER PEAK SYSTEMS, INC.

---

[1] Under the AIA, the PTAB must provide final written decisions on IPRs within a year of institution. 37 C.F.R. §§ 42.100(c).