UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REALTIME DATA LLC,

    Plaintiff,

v.

SILVER PEAK SYSTEMS, INC.,

    Defendant.

Case No. 17-cv-02373-PJH

**ORDER DENYING MOTION TO LIFT STAY AND VACATING HEARING**

Re: Dkt. No. 104

Before the court is plaintiff Realtime Data LLC d/b/a IXO's ("Realtime") motion to lift the stay pending in the case. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 8, 2018 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion for the following reasons.

## BACKGROUND

Realtime filed this case on February 26, 2016 in the Eastern District of Texas against defendants Hewlett Packard Enterprise Co., HP Enterprise Services, LLC, and Silver Peak Systems, Inc. ("Silver Peak" or "defendant"), asserting five claims for infringement of five patents. Silver Peak is the only remaining defendant in the action.

Defendants in related cases in the Eastern District of Texas filed inter partes review ("IPR") petitions challenging all five asserted patents. On April 26, 2017, this case was transferred to the Northern District of California. Dkt. 91. Between November 2016 and May 2017, the Patent Trial and Appeal Board ("PTAB") instituted IPRs challenging

1    claims of each of the five patents at issue in this dispute.  Dkt. 97 at 3.  On June 28,

2    2017, defendant Silver Peak moved this court to stay the case pending resolution of

3    those IPRs.  Dkt. 97.  Plaintiff filed a notice of non-opposition "because, e.g., the case is

4    in its early stages (e.g., case schedule is yet to be set)."  Dkt. 100.  On July 10, 2017, this

5    court granted the motion to stay.  It ordered that "[t]he action is hereby STAYED pending

6    final resolution of the IPRs filed on the asserted patents."  Dkt. 101.

7    On July 10, 2018, the parties filed a joint status report regarding the status of the

8    IPRs.  Dkt. 109.  That report indicated that the PTAB found some claims patentable and

9    some claims not patentable.  The report also indicated that non-parties filed additional

10   IPR petitions in February 2018 challenging some claims at issue in this case, and that

11   each of the parties to this action had appealed certain PTAB decisions relevant to this

12   case.  Realtime now moves the court to lift the stay because the PTAB has issued a final

13   written decision for each of the IPRs that were instituted at the time defendant first moved

14   this court to stay the case.

## DISCUSSION

16   A court may stay proceedings as part of its inherent power "to control the

17   disposition of the causes on its docket with economy of time and effort for itself, for

18   counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Ethicon, Inc.

19   v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to

20   manage their dockets and stay proceedings, including the authority to order a stay

21   pending conclusion of a PTO reexamination.").  Use of this power "calls for the exercise

22   of judgment, which must weigh competing interests and maintain an even balance."

23   Landis, 299 U.S. at 254–55.

24   In determining whether to stay an action pending IPR, courts consider "(1) whether

25   discovery is complete and whether a trial date has been set; (2) whether a stay will

26   simplify the issues in question and trial of the case; and (3) whether a stay would unduly

27   prejudice or present a clear tactical disadvantage to the non-moving party."  Evolutionary

28   Intelligence, LLC v. Facebook, Inc., Case No. 13-cv-4202-SI, 2014 WL 261837, at *1

1  (N.D. Cal. Jan. 23, 2014); accord Uniloc United States of Am., Inc. v. Apple Inc., Case No. 18-cv-00361-PJH, 2018 WL 2387855, at *1 (N.D. Cal. May 25, 2018).

Those factors support continuing the stay in this case. First, the litigation is still in an early phase. The first case management conference is scheduled for August 17, 2018. No deadlines have been set by the court; no trial is set; no Markman hearing is set; and no experts have been disclosed. In fact, the litigation is nearly in the same phase as it was when plaintiff stated that "the case is in its early stages (e.g., case schedule is yet to be set)." Dkt. 100.

Second, the pending appeals and PTAB petitions could clarify and simplify the issues for trial. The February 2018 IPR petitions and appeals from the PTAB decisions finding claims patentable could both simplify the issues in an obvious way—the PTAB or the Federal Circuit could invalidate claims that would otherwise be at issue in this action.

Moreover, waiting for the conclusion of the pending appeals and PTAB decisions advances the court's and parties' interests in avoiding unnecessary expenditure of resources. If the court proceeds with only the claims deemed patentable by the PTAB at this point in time, it will have expended unnecessary resources if any of those claims are later determined to be non-patentable. Still worse, the court would have to duplicate its efforts and potentially conduct multiple trials if claims deemed non-patentable today are later found to be patentable—a loss of efficiency compounded when the patents are related and involve overlapping witnesses, experts, or evidence.

Third, plaintiff asserts that it has an interest in proceeding with the litigation quickly, but it offers no argument that it will be unduly prejudiced by a stay. As a non-practicing entity, plaintiff is understandably seeking money damages. FAC, Dkt. 36, at 48–49. As such, plaintiff can be fully compensated through this action even after some delay. Plaintiff argues that an ongoing dispute contesting the enforceability of its patents makes it more difficult to license those patents, but lifting the stay in this case would not end any of the pending appeals or IPR applications that are contesting the patents' validity.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to life the stay is DENIED and the hearing scheduled for August 8, 2018 is VACATED.

**IT IS SO ORDERED.**

Dated: August 7, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge